UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | )<br>)<br>) | |
| | ) | Cause No. 4:24CR00366 JAR |
| vs. | )<br>) | |
| LISA BURNETT,<br>    Defendant. | )<br>)<br>) | |

### DEFENDANT LISA BURNETT'S SENTENCING MEMORANDUM

COMES NOW Steven E. Sokolik on behalf of Defendant, Lisa Burnett, and respectfully submits the following information for purposes of sentencing mitigation pursuant to Rule 32 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3553.

### OPENING COMMENTS

Defendant Lisa Burnett is a 63-year-old female, who lives in St. Peters, Missouri.  She is now before this Court for sentencing on July 7, 2025.  The Defendant pled guilty to one charge of Conspiracy to Commit Money Laundering, which is a violation of 18 U.S.C. §1956(a)(1).

### PLEA AGREEMENT

In the plea agreement, the parties agreed that they will jointly recommend a term of imprisonment of 48 months.  However, the parties acknowledge that this court is not a party to nor bound by the Guidelines recommendations agreed to by the parties in the Plea Agreement.

### PRE-SENTENCE REPORT

In the Pre-Sentence Report (PSR), the United States Probation Officer calculated a base offense level of 26 pursuant to USSG § 2B1.1(b)(1)(J).  As the defendant was in the business of laundering funds, and because USSG § 2S1.1(a)(2), four levels are added.

1

The Defendant has clearly demonstrated acceptance of responsibility for the offense and has assisted authorities in the investigation or prosecution of Defendant's own misconduct thereby decreasing the offense level by 3 levels pursuant to USSG § 3E1.1(a) and § 3E1.1(b),

Thus the Total Offense Level is 27. The Defendant's total criminal history score is a 11, establishing a criminal history category of V.

If the total offense level is 27, and with a criminal history category of V, the guideline imprisonment range is 120 months to 150 months.

## SENTENCING CONSIDERATIONS

In considering a sentence the Court must turn to the Section 3553(a) factors. The Court must recognize that the sentencing guidelines are to be given no more or less weight than any other factor. *See* United States v. Jaber*, 362 F. Supp. 2d 365, 370-76 (D.Mass.2005).

18 U.S.C. §3553(a) states in part:

(A) Factors To Be Considered In Imposing a Sentence- "The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection". The Court, in determining the particular sentence to be imposed, shall consider:

1. The nature and circumstances of the offense and the history and characteristics of the defendant:

2. The need for the sentence imposed:

To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

To afford adequate deterrence to criminal conduct;

To protect the public from further crimes of the defendant:

To provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

**IMPOSITION OF SENTENCE**

**I.      Section 3553(a) Sentencing Factors as Applied to Ms. Burnett**

In the case at hand this Court should consider §3553(a) factors, particularly the factors relating to personal history and characteristics of Ms. Burnett.  After considering these factors the Court will see that the joint recommendation is justified in this case.

**i.   Section 3553(a)(1): The history and characteristics of the defendant.**

*a.  Ms. Burnett's Personal History*

Defendant Lisa Burnett was born in Missouri.  Her parents were never married, and she had no contact with her father.  She suffered from a traumatic and difficult childhood.  Her family was in poverty, and they had to rely on public assistance and food stamps.  Her mother was often gone working, leaving Lisa at home to take care of her siblings.  This created feelings of abandonment for Lisa.

Unfortunately, Lisa was abused physically and sexually.  From age 8 to 13, Lisa's mother abused her by punching and slapping her in the face.  At age 8, Lisa was sexually abused by an uncle.  At age 10, Lisa was sexually abused by her brother.  Lisa also witnessed domestic violence between her mother and her mother's third husband.  All of these terrible experiences helped lead Lisa to suffer mental health issues.  Lisa has been diagnosed with Post Traumatic Stress Disorder, Anxiety Disorder, and Depression.  Additionally, in 2001, Lisa was diagnosed with Bi-polar Disorder. She would welcome any mental health treatment provided during her incarceration.   Ms Burnett respectfully asks the Court to take into consideration her childhood trauma and mental health issues when considering the appropriate sentence.

Lisa has also suffered a number of Physical Health issues.  She was diagnosed with Hepatitis C in 2001.  She was diagnosed with cirrhosis of the liver in 2002.  In May of 2024, Lisa was in a terrible car accident where she suffered numerous injuries.  She sustained a broken right ankle with broken talus bones, a dislocated elbow, loss of vision in her right eye, loss of  hearing in her right ear, nerve damage and spinal damage.  She is still in a great deal of pain, cannot walk

without assistance, and takes medication for her physical ailments.  She needs total talus replacement surgery to improve her condition and walk without assistance.   Ms Burnett asks the Court to take into consideration her physical difficulties when considering the appropriate sentence.

Ms. Burnett also has suffered from drug addiction throughout her life.  She first began using alcohol at age 14.  She began using cocaine in her 30's.  She began methamphetamine at age 35.  Lisa has been able to stay sober at times, but like many addicts she has had relapses.  She asks the Court to recommend RDAP during her incarceration and asks the Court to take in her substance abuse issues when considering the appropriate sentence.

## REQUEST FOR THE COURT TO CONSIDER THE JOINT RECOMMENDATION

Based upon the 3553(a) factors referenced above, as well as other factors , it is respectfully argued that the joint recommended sentence of 48 months is appropriate.

As a child Ms. Burnett has suffered years of financial hardship, physical abuse, and sexual abuse.  As a result, Ms. Burnett suffers from mental health issues such as anxiety, depression, PTSD, and Bi-Polar Disorder.  Ms. Burnett has suffered from physical ailments such as Hepatitis and cirrhosis for many years.  Now, do to a car accident, she has numerous health issues and can barely walk

The recommended sentence of 48 months is sufficient to achieve the goals of punishment, deterrence and respect for the law.   The recommended sentence achieves the goals of deterrence, incapacitation, and rehabilitation.  Specific deterrence and incapacitation are served by said sentence.  General deterrence is amply served by the proposed sentence.

In determining the minimally-sufficient sentence, the Court must essentially ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation or rehabilitation. Respectfully, it would not in this case.

We respectfully submit that this sentence is sufficient but not greater than necessary to achieve the sentencing objectives as set out in USSC 3553(a).

Respectfully submitted,

Steven Sokolik


 /s/ *Steven E. Sokolik*
Steven Sokolik, No. 46134MO
7700 Bonhomme Avenue, Suite 350
Clayton, Missouri 63105
Telephone: (314) 795-3479
Facsimile: (314) 727-8529
*Attorney for Defendant*


CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 25, 2025, the foregoing was electronically filed with the Clerk of Court to be served by operation of the Court's CM/ECF system upon all parties.

 /s/ *Steven E. Sokolik*
Steven E. Sokolik No. 46134MO

5